NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN NICOLAS SALAS SUAREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-73837 Agency No. A216-220-536 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022**
San Francisco, California

Before: MURGUIA and BUMATAY, Circuit Judges, and BAKER,*** International Trade Judge.

Kevin Nicolas Salas Suarez, a citizen of Bolivia, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal from the order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

of an Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture.[1]

When the BIA issues its own decision rather than relying on the IJ's decision, we review the BIA's decision as the final agency determination. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). As a reviewing court, we "must uphold [the agency's] decision unless a reasonable adjudicator would have been compelled to reach a different conclusion." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1679 (2021) (citing 8 U.S.C. § 1252(b)(4)(B)).

1. Salas contends he demonstrated past persecution in Bolivia based on death threats and economic persecution. There is no evidence in the record, nor does Salas contend there is, to show that he himself ever received death threats. He instead cites his father's declaration, but that declaration says nothing about death threats, and Salas testified that his father never mentioned suffering any physical harm. Salas cannot show that the evidence in the administrative record *compels* a different conclusion.

---

[1] The IJ denied Salas's asylum application as untimely because it was not submitted within one year of his reaching the age of majority. The government correctly notes that it is "somewhat unclear" whether Salas now seeks to challenge that decision. At the hearing before the IJ, Salas's counsel declined to argue that his asylum application was not time-barred, and his appellate brief before the BIA did not raise the issue. Therefore, to the extent he raises that issue, we lack jurisdiction to consider it because Salas failed to exhaust all administrative remedies available to him as of right. *See* 8 U.S.C. § 1252(d)(1).

As to economic persecution, "purely economic harm can rise to the level of persecution where there is a probability of deliberate imposition of substantial economic disadvantage upon the applicant on account of a protected ground." *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (cleaned up). But "mere economic disadvantage alone does not rise to the level of persecution" and economic harm's relevance "depends on the severity of the deprivation in connection with the record as a whole." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021). "[E]conomic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *Matter of T-Z*, 24 I&N Dec. 163, 173 (BIA 2007). Salas testified that after his father was harassed, his family lost many "social advantages" and "physical comforts" and relocated to a much smaller house so they could not be found. Salas fails show that his family's economic deprivation was so severe as to threaten their lives or freedom.

Because the record does not compel a different conclusion, there is no basis to reverse the BIA's finding that Salas failed to prove past persecution.

2. The standard for withholding of removal "requires objective evidence that it is more likely than not that the alien will be subject to persecution upon deportation." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

An applicant who fails to establish past persecution must "show a good reason to fear *future* persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Molina-Estrada v. INS*, 293 F.3d 1089, 1094 (9th Cir. 2002). Salas argues that the BIA did not give sufficient weight to country conditions evidence and asserts that there are "still people from the Nationalist Democratic Action in higher up positions." But he fails to establish that there is an objectively reasonable probability that he will be targeted *personally*, especially in view of the passage of over 20 years since he left the country as a child.

Salas simply fears crime or harm in general. Asylum and refugee laws do not protect people from general conditions of strife, such as crime or societal unrest. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because Salas fails to establish an objectively reasonable fear of future persecution, he necessarily fails to demonstrate an objectively reasonable fear of future torture. *Sharma*, 9 F.4th at 1067. Thus, there is no basis to reverse the BIA's finding that Salas is not entitled to withholding of removal or Convention Against Torture relief.

3. Finally, Salas argues that the IJ and the BIA did not review all the evidence in the record and refers to his father's declaration. However, the BIA reviewed the

declaration and found it did not support Salas's arguments. Salas fails to show how the record could *compel* a factfinder to reach a contrary result.

**PETITION DENIED. Salas's motions for stay of removal (Dkt. Nos. 1 and 6) are DENIED AS MOOT.**